JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-03185-JHN-PLAx | Date | June 8, 2010 |
|---|---|---|---|
| Title | Deutsche Bank National Trust Company v. Norvell Lee Drawn et al. | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | | |
|---|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings:** ORDER GRANTING PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT  (In Chambers)

Plaintiff filed an action against Defendant for unlawful detainer in state court, and on the eve of trial, Defendant removed this action to federal court.  On May 18, 2010, Plaintiff filed a Motion to Remand ("Motion") (Docket No. 4).  Defendant filed no opposition.  The Court has considered the Motion and deems the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule ("L.R.") 7-15.  **Accordingly, the hearing scheduled for June 28, 2010 is removed from the Court's calendar.  For the reasons herein, the Court GRANTS the Motion and remands the action to the Superior Court of the State of California, County of Ventura, California.**

I.  REMOVAL JURISDICTION

Removal to federal court is governed by 28 U.S.C. § 1441, which in relevant part states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants[.]"  28 U.S.C. § 1441(a).  However, the Court may remand a case to state court for lack of subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is on the party invoking federal jurisdiction."  *U.S. v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008).

Under 28 U.S.C. § 1331, the Court has original jurisdiction over civil actions "arising under" federal law.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law.  *Sullivan v. First Affiliated Sec., Inc.*, 813 F. 2d 1368, 1372 (9th Cir. 1987).  Here, the Complaint's only cause of action is for unlawful detainer pursuant to California Code of Civil Procedure § 1161.  No federal question is presented on the face of the Complaint, nor has a federal claim been disguised by artful pleading.  No federal question jurisdiction exists.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-03185-JHN-PLAx | Date | June 8, 2010 |
|---|---|---|---|
| Title | Deutsche Bank National Trust Company v. Norvell Lee Drawn et al. | | |

Under 28 U.S.C. § 1332, the Court also has original jurisdiction over civil actions where there is complete diversity of citizenship and the amount in controversy exceeds $75,000. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Here, there is no allegation of diversity of citizenship, and the Complaint explicitly states that the amount demanded does *not* exceed $10,000. As such, there is also no diversity jurisdiction.

For these reasons, the Court lacks subject matter jurisdiction.

II. NON-OPPOSITION

In addition, Defendant was required to file an opposition not later than twenty-one (21) days before the hearing date. L.R. 7-9. Failure to do so may be deemed consent to the granting of a motion. *Id.* at 7-12. The Court hereby deems Defendant's failure to file a timely, written opposition as consent to the granting of the Motion.

III. CONCLUSION

**For these reasons, the Court GRANTS the Motion (Docket No. 4) and remands the case to the Superior Court of the State of California, County of Ventura, California.**

IT IS SO ORDERED.

| | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |